**FILE COPY**

1  Marc E. Hankin (SBN: 170505)
   Marc@HankinPatentLaw.com
2  Kevin Schraven (SBN: 259446)
   Kevin@HankinPatentLaw.com
3  **HANKIN PATENT LAW, APC**
   6404 Wilshire Boulevard, Suite 1020
4  Los Angeles, CA 90048-5512
   Tel: (323) 944-0206/Fax: (323) 944-0209
5
   Attorneys for Plaintiff,
6  **AQUAWOOD LLC,**

FILED
CLERK, U.S. DISTRICT COURT

APR 1 1 2011

CENTRAL DISTRICT OF CALIFORNIA

7              **UNITED STATES DISTRICT COURT**

8              **CENTRAL DISTRICT OF CALIFORNIA**

9
10  AQUAWOOD    LLC,    a    California  ) Case No.:
    Limited Liability Company,              ) **CV11- 03046** SJO (AGRx)
11                                          )
                          Plaintiffs,       )
12                                          )
                                            ) **PLAINTIFF AQUAWOOD**
13        vs.                               ) **LLC'S COMPLAINT FOR**
                                            ) **DECLARATORY**
14  WIDE  EYES  MARKETING,  LTD.,  a        ) **JUDGMENT FOR NON-**
    CANADA Limited Liability Company;       ) **INFRINGEMENT OF**
15                                          ) **PATENT**
    PETER A. SGROMO an Individual, and      )
16  DOES 1 – 5,                             )
                                            )
17                        Defendants.       )
                                            )
18

19        Plaintiff Aquawood LLC ("Aquawood"), hereby alleges against Defendants

20  Wide  Eyes  Marketing,  Ltd.  ("WEM"),  and  Peter  A.  Sgromo  ("Sgromo")

21  (hereinafter collectively "Defendants") as follows:

22

23              **JURISDICTION AND VENUE**

24  1.    This is an action, *inter alia*, for Declaratory Judgment of No Patent

25        Infringement, pursuant to 28 U.S.C. §2201, *et seq*.  This Court has Subject

26        Matter Jurisdiction of this Declaratory Judgment action pursuant to 28

27        U.S.C. §§1331, 1338 and 2201(a).

28

2.     Venue is proper pursuant to 28 U.S. C. § 1391, as a substantial part of the events described herein occurred in this judicial district, and Defendants are subject to personal jurisdiction in this judicial district.

## PARTIES

3.     Plaintiff is a California Limited Liability Company, with its principal place of business in Los Angeles, California.

4.     Plaintiff manufactures and distributes high quality toys and other goods.

5.     On information and belief, WEM is a Limited Liability Company existing under and by virtue of the laws of Canada, and is closely held and controlled by Defendant Sgromo.

6.     On information and belief, WEM has offices in California in the cities of Alameda and Oakland and conducts substantial business in the State of California, and in this Judicial District.

7.     On information and belief, Peter A. Sgromo is the President and Founder of WEM, is a resident of the State of California, and conducts substantial business in the State of California, and in this Judicial District.

8.     Plaintiff is ignorant of the true names and capacities of Defendants sued herein as Does 1 to 5, inclusive, and therefore sues these Defendants by such fictitious names.  Plaintiff will amend this complaint to allege their true names and capacities when ascertained, together with such other allegations as may be appropriate.

9.     On information and belief, all Defendants sued herein as Does are in some manner responsible for the acts herein alleged.

10.    On information and belief, at all times mentioned herein, each of the Defendants, including the Defendants named herein as Does, were the alter ego, agent, and/or employee of each of the remaining Defendants and in doing the things mentioned herein were acting within the scope of such agency and/or employment.

COMPLAINT FOR DECLARATORY RELIEF

**CONTROVERSY**

11.     This Complaint includes a claim for declaratory judgment relief pursuant to 28 U.S.C. §2201 and §2202, in which the Plaintiffs desire a declaration of rights in the form of a judgment against the Defendants.

12.     An actual controversy exits between the Parties, in view of Defendants' February 17, 2011 email to Plaintiff, which alleges that Plaintiff is infringing Defendants' Patent and which threatens Plaintiff with litigation.

**FACTUAL BACKGROUND**

13.     On February 6, 2009, Plaintiff and Defendants entered into a License Agreement ("the Agreement") in which Defendants licensed to Plaintiff the "3D Shark Bite Water Slide" invention (hereinafter referred to as the "3D Shark Slide").  A true and correct copy of the Agreement is attached to this Complaint as Exhibit 1.

14.     Plaintiff developed the 3D Shark Slide and filed U.S. Patent Application No. 12/327,760 ("the '760 Application") on the 3D Shark Slide.  Sgromo was one of the named inventors of the '760 Application.

15.     From 2009 to the present, Plaintiff has manufactured, distributed, and sold the 3D Shark Slide, and has paid royalties on sales of the 3D Shark Slide, under the terms of the Agreement, to Defendants.

16.     Part 7 of the Agreement specifically provides that Plaintiff "has the right, in its sole discretion, to modify" the 3D Shark Slide, and sell the modified product under the terms of the Agreement.

17.     On September 14, 2010, the '760 Application received an Office Action from the USPTO rejecting all of the claims of the Application.  The Office Action concluded that the '760 Application was obvious in view of U.S. Patent No. 7,046,440 ("the '440 Patent"), issued to Kaehr, in view of U.S. Patent No. 5,482,510, issued to Ishii.  A true and correct copy of the '440 Patent is attached to this Complaint as Exhibit 2.

COMPLAINT FOR DECLARATORY RELIEF

18.  On information and belief, Defendants had actual knowledge of the September 14, 2010 Office Action and were aware that the '760 Application was rejected in part based on the '440 Patent.

19.  On information and belief, on December 20, 2010, three months after the '760 Application received the Office Action rejection, title of the '440 Patent was transferred to Defendant WEM.

20.  The transfer of the '440 Patent was Recorded with the USPTO in an Assignment on January 3, 2011.  A true and correct copy of the USPTO Assignment Webpage showing the transfer of the '440 Patent to Defendant WEM is attached to this Complaint as Exhibit 3.

21.  In or about January 2011, Defendants started manufacturing, distributing, and selling an inflatable pool with a three-dimensional graphic on the pool ("3D Lagoon Pool"), which was developed by Defendants as a modification to the 3D Shark Slide.

22.  On February 17, 2011, Defendants sent a cease and desist letter via email to Plaintiff accusing Plaintiff of infringing the very recently acquired '440 Patent.  A true and correct copy of the February 17, 2011 email is attached to this Complaint as Exhibit 4.  The February 17, 2011 email alleges that both the 3D Lagoon Pool and 3D Shark Slide infringe the '440 Patent.

23.  In the February 17, 2011 email, Defendants also threaten to contact Plaintiff's customers regarding the alleged infringement.

24.  Defendants conclude the February 17, 2011 email with the threat that, should Plaintiff refuse to alter its alleged infringing activity, Defendants will enforce their patent rights to "their full extent."

25.  Plaintiff is under a reasonable apprehension of lawsuit from Defendants because Defendants have:  (1) alleged that two of Plaintiff's current products, the 3D Shark Slide and the 3D Lagoon Pool, infringe the '440 Patent; (2) threatened to contact Plaintiff's customers regarding the

COMPLAINT FOR DECLARATORY RELIEF

infringement allegations; and (3) threatened to file a lawsuit against Plaintiff for infringement of the '440 Patent.

26. Plaintiff denies that any of its products infringe any claim of the '440 Patent, or any other Patent allegedly owned by Defendants.  As such, an actual controversy now exists between Plaintiff and Defendants, as to their respective rights and responsibilities with respect to the '440 Patent.

27. To resolve the legal and factual questions raised by Defendants, and to afford relief from the uncertainty that has precipitated, Plaintiff is entitled to an order stating its rights under 28 U.S.C. §§ 2201-02, that its services, business practices and products do not infringe any patent allegedly owned by Defendants, and/or that the '440 Patent is invalid and/or unenforceable.

## CLAIM FOR RELIEF

(Declaratory Judgment of Non-Infringement of

U.S. Patent Number 7,046,440)

28. An actual controversy now exists between Plaintiff and Defendants, as to their respective rights and responsibilities with respect to U.S. Patent No. 7,046,440 ("the '440 Patent"), and any other patents foreign or domestic that claim priority from the filing of the '440 Patent.

29. Defendants have alleged that Plaintiff has committed certain acts that infringe the '440 Patent, and Plaintiff denies that any of its products infringe any claim of the '440 Patent.

30. To resolve the legal and factual questions raised by Defendants and to afford relief from the uncertainty that has precipitated, Plaintiffs are entitled to an order stating its rights under 28 U.S.C. §§ 2201-02, that its services, business practices, and products do not infringe any patent allegedly owned by Defendants, and/or that the '440 Patent is invalid and/or unenforceable.

COMPLAINT FOR DECLARATORY RELIEF

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays the following relief and judgment be granted against Defendants, as follows:

A. For a judicial determination and order declaring that none of Plaintiff's products infringe any patent allegedly owned by Defendants, and/or that the '440 Patent is invalid and/or unenforceable.

B. For an order enjoining Defendants and their agents and attorneys from further asserting patent rights against Plaintiffs and/or its customers.

C. For the recovery of Plaintiff's full costs and reasonable attorneys fees; and

D. For such additional and further relief in law and equity, as the court may deem just and proper.

Respectfully Submitted,
**HANKIN PATENT LAW, APC**

Date: April 11, 2011                    ___/Marc E. Hankin/_____
Marc E. Hankin
Attorneys for Plaintiff,
**AQUAWOOD LLC**

COMPLAINT FOR DECLARATORY RELIEF

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge S. James Otero and the assigned discovery Magistrate Judge is Alicia G. Rosenberg.

The case number on all documents filed with the Court should read as follows:

## CV11- 3046 SJO (AGRx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

======================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Central District of California

| | |
|---|---|
| Aquawood LLC., a California Limited Liability Company | ) ) ) |
| *Plaintiff* | ) |
| v. | ) |
| Wide Eyes Marketing, LTD., a Canada Limited Liability Company; Peter Sgromo an individual, and Does 1-5 | ) ) ) |
| *Defendant* | ) |

CV11-03046SJO(AGPx)

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Marc E. Hankin
Hankin Patent Law, APC
6404 Wilshire Boulevard
Suite 1020
Los Angeles, CA 90048

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

APR 1 1 2011

Date: _____

*CLERK OF COURT*

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Central District of California

Aquawood LLC., a California Limited Liability
Company )
Plaintiff )
)
Wide Eyes Marketing, LTD., a Canada Limited Liability )
Company; Peter Sgromo an individual, and Does 1-5 )
Defendant )

Civil Action No.  **CV 11-03046** SJO(AGVX)

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:  Marc E. Hankin
Hankin Patent Law, APC
6404 Wilshire Boulevard
Suite 1020
Los Angeles, CA 90048

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

APR 1 1 2011

Date: _____

**JULIE PRADO** SEAL

*Signature of Clerk or Deputy Clerk*

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) <br> Aquawood, LLC., a California Limited Liability Company, | DEFENDANTS <br> Wide Eyes Marketing, LTD., a Canada Limited Liability Company; Peter A. Sgromo an Individual, and Does 1-5, |
|---|---|

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) <br><br> Marc E. Hankin (S.B. No. 170505), HANKIN PATENT LAW, APC <br> 6404 Wilshire Boulevard, Suite 1020, Los Angeles, CA 90048-5512 <br> Tel: (323) 944-0206/Fax: (323) 944-0209 | Attorneys (If Known) |
|---|---|

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff    ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant    ☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES -** For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☑ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify):    ☐ 6 Multi-District Litigation    ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☑ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No      ☐ **MONEY DEMANDED IN COMPLAINT: $**

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. 2201, et seq.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS <br> PERSONAL INJURY | TORTS <br> PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | | ☐ 510 Motions to | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 370 Other Fraud | Vacate Sentence Habeas Corpus | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | Disclosure Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☑ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 443 Housing/Acco-mmodations | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | IMMIGRATION | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | FEDERAL TAX SUITS |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 290 All Other Real Property | | | | ☐ 871 IRS-Third Party 26 USC 7609 |

CV11-03046

**FOR OFFICE USE ONLY:**    Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑No  ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑No  ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)  ☐ A.  Arise from the same or closely related transactions, happenings, or events; or

☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D.  Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:**  (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Canada |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved.

X. SIGNATURE OF ATTORNEY (OR PRO PER): ____/Marc E. Hankin/____          Date April 11, 2011

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18. Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |